UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                                                           :

JOSEPH BOADI,

                          Plaintiff,,

                  -v-                                                 25-CV-10 (JMF)

STAMFORD UNIFORM LINEN TOWEL and NAPKIN,         ORDER
LLC and REYNALDO MESA GRACIANO JR.,

                        Defendants.

------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

      On January 2, 2025, Defendants filed a Notice of Removal in which they invoked the Court's subject-matter jurisdiction pursuant to 28 U.S.C. § 1441(c). *See* ECF No. 1, at 1. Although Defendants state that the "action may be removed" because it is a civil action "between citizens of different states," *id.* ¶ 12, their allegations of diversity are deficient in several respects.

      First, the Notice of Removal alleges only the residency, not the citizenship, of both Plaintiff and the members of Defendant Stamford Uniform Linen Towel and Napkin, LLC. *See id.* at ¶¶ 5, 6. This is not enough. *See, e.g.*, *Davis v. Cannick*, No. 14-CV-7571 (SJF) (SIL), 2015 WL 1954491, at *2 (E.D.N.Y. Apr. 29, 2015) ("[A] conclusory allegation . . . regarding diversity of citizenship does not extinguish the Court's responsibility to determine, on its own review of the pleadings, whether subject matter jurisdiction exists." (internal quotation marks omitted)). For the purpose of diversity jurisdiction, "a statement of the parties' residence is insufficient to establish their citizenship." *Leveraged Leasing Admin. Corp. v. PacifiCorp Capital, Inc.*, 87 F.3d 44, 47 (2d Cir. 1996); *see also, e.g.*, *Linardos v. Fortuna*, 157 F.3d 945, 948 (2d Cir. 1998) ("For purposes of diversity jurisdiction, a party's citizenship depends on his domicile."); *Canedy v. Liberty Mut. Ins. Co.*, 126 F.3d 100, 103 (2d Cir. 1997) ("[A]llegations of residency alone cannot establish citizenship . . . .").

      In addition, to establish subject matter jurisdiction premised upon diversity of citizenship, a party must allege the citizenship of every natural person who is a member of a limited liability company ("LLC") and the place of incorporation and principal place of business of any corporate entities that are members of the LLC (including the citizenship of any members of the LLC that are themselves LLCs). *See, e.g.*, *Handelsman v. Bedford Vill. Assocs. L.P.*, 213 F.3d 48, 51-52 (2d Cir. 2000); *Altissima Ltd. v. One Niagara LLC*, No. 08-CV-756S(M), 2010 WL 3504798, at *2 (W.D.N.Y. Sept. 2, 2010) (noting that every other Court of Appeals to have considered LLC citizenship has held that an LLC has the citizenship of all of its members). Here, the Notice of

Removal identifies two members of Defendant Stamford Uniform Linen Towel and Napkin, LLC, but it does not state that these members are the *only* members thereof. See ECF No. 1 ¶ 6.

Accordingly, it is hereby ORDERED that, on or before **January 14, 2025**, Defendants shall amend their Notice of Removal to cure the deficiencies in their allegations of subject matter jurisdiction. If, by that date, Defendants are unable to amend their Notice of Removal to truthfully allege complete diversity of citizenship, then the action will be remanded to the Supreme Court of New York, County of Bronx, without further notice to either party. Finally, Defendants are directed to, **within two business days** of this Order, serve on Plaintiffs a copy of this Order and to file proof of such service on the docket.

SO ORDERED.

Dated: January 7, 2025
      New York, New York

                                              JESSE M. FURMAN
                                       United States District Judge